No. 36,586

MARGARET STEELE, *Appellant*, v. RALPH RUSSELL, *Appellee* and *Cross-appellant*.

(176 P. 2d 251)

Opinion filed January 25, 1947.

*Edward T. Riling* and *John J. Riling,* both of Lawrence, were on the briefs for the appellant.

*Irwin Snattinger, David H. Fisher,* both of Topeka, and *George K. Melvin,* of Lawrence, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages for personal injuries sustained in a collision of two motor vehicles. A jury trial resulted in a verdict for defendant, upon which judgment was rendered, and the court overruled plaintiff's motion for a new trial. Plaintiff has appealed.

The location of the collision was the intersection of Seventh and Tennessee streets in Lawrence. Seventh street is an east-and-west street, paved forty feet wide, and is also a part of Federal Highway No. 40 and State Highway No. 10. It is intersected at right angles by Tennessee street, which is paved thirty feet wide. On the west side of Tennessee street there is a stop sign about seventeen feet north of the pavement on Seventh street. There is a similar stop sign on the east side of Tennessee street about the same distance

south of the pavement on Seventh street. Plaintiff lives near Clinton, a few miles southwest of Lawrence. On the day of the collision she rode into Lawrence with her neighbors, Mr. and Mrs. Kennedy, as their guest. Mr. Kennedy was driving a pickup truck. They rode in the seat of the cab of the truck, Mr. Kennedy on the left driving, his wife in the center, and plaintiff on the right. Each of the women was holding on her lap her baby, less than a year old. He was driving east along Seventh street about the middle of the south half of the street at about twenty-five to thirty miles per hour. Defendant, with his wife riding with him, was driving his automobile south on the west side of the pavement on Tennessee street, crossing Seventh street. When he was almost across Seventh street his .car was struck on the right side back of the door, near the right rear wheel, by the truck in which plaintiff was riding. She was seriously injured.

In her petition plaintiff alleged among other things that defendant's negligence consisted in his failure to stop at the stop-sign before entering the intersection; in driving his car into and across the intersection at a reckless rate of speed, to wit, twenty miles per hour; in failing to look for traffic on the street as he proceeded into and across the intersection, and failure to exercise due regard for the rights and safety of others; and in failing to yield the right of way to the truck in which plaintiff was riding, which had entered the intersection first. Several sections of the city ordinance pertaining to the duties of drivers of vehicles at such intersections were set out and it was alleged that defendant was negligent in failing to conform to the ordinance. The petition also alleged the extent of plaintiff's injuries, which need not be detailed. In his answer defendant denied the negligence charged against him in plaintiff's petition and alleged facts tending to show his own due care, and negligence on behalf of the driver of the truck in which plaintiff was riding, and also the negligence of plaintiff which contributed to her injuries. These allegations were put in issue by the reply.

We need not detail the evidence. On the issue controverted by the pleadings, as to whether defendant stopped at the stop-sign before entering Seventh street, the plaintiff and Mr. and Mrs. Kennedy testified they did not know whether he had stopped or not; that the first they saw of defendant's car it was in the intersection. The plaintiff and Mr. Kennedy estimated that at the time they saw defendant's car starting into the intersection, or further along in the

intersection, they were forty to fifty feet west of the intersection. Some of the testimony of Mrs. Kennedy tends to locate them. farther west, perhaps as far west as the alley west of Tennessee street, which the evidence shows was 125 feet; but she frankly stated she was not good at gauging distances, and further that she was giving more attention to her baby on her lap than she was to the exact location of the truck in which she was riding at the time defendant's car was first seen.

Mr. Joe Hemphill, a witness called by plaintiff, had driven his car from the south on Tennessee street towards Seventh street and had stopped at. the stop sign south of Seventh street. He testified that he saw defendant's car on Tennessee street north of Seventh street and approaching it, and that the defendant had stopped at that stop sign. Both the defendant and his wife, testifying for defendant, said that he had stopped at the stop-sign north of Seventh street before he drove into the intersection. Plaintiff and Mr. and Mrs. Kennedy testified that when plaintiff saw defendant's car in the intersection she called out "Car," and Mr. Kennedy testified that he promptly put his brakes on, but was unable to avoid the collision. There was a conflict in the testimony as to how fast defendant drove through the intersection. Plaintiff and Mr. Kennedy estimated his speed at fifteen miles per hour. Defendant said that after he stopped at the stop-sign he started in low and did not change gears before the collision, and estimated his speed at five miles per hour when he entered the intersection and perhaps ten miles per hour at the time of the collision. The parties agree that the collision occurred in the southwest corner of the intersection. It would appear from the testimony that neither. driver turned to the right or left as he drove forward. Perhaps there are other minor discrepancies in the testimony.

One of the controversies in the case was whether defendant was guilty of any act of negligence charged. The jury returned a verdict in which they found "for the defendant, Ralph Russell—not guilty of negligence as charged." From the record we assume that is the form of the verdict submitted to the jury; at least no point is made of its being otherwise.

Plaintiff filed a motion for a new trial upon three grounds: *First*, "Erroneous rulings and instructions of the court." No erroneous ruling of the court is called to our attention. Complaint is made of one of the instructions pertaining to the city ordinance pleaded,

that it is so worded as not exactly to conform with the ordinance. That matter was not called to the attention of the court when the instruction was given. Examining the instruction given and the ordinance we see no just grounds for criticizing the instruction.

*Second,* "The court's failure to fully instruct the jury as to all matters and legal questions involved in the action." At the trial plaintiff made no complaint of any instruction given by the court, neither was any instruction requested. Appellant now contends that the court's instruction should have included a discussion of several of the sections of our uniform act relating to traffic on highways (G. S. 1945 Supp. 8-501 *et seq.*). As far as the record is concerned, this question is raised here for the first time, although appellant in her brief states that it was presented to the court on the hearing of the motion for a new trial. While differently worded upon the points here involved, we think the city ordinance covers every element covered by the statute which would be applicable to this action. The point now made by appellant is not well taken.

The time for proper instructions to be given is at the trial so that the jurors may know the law of the case. Where a party contends that an instruction given might have been stated better in different language it is imperative that he call the attention of the court to the matter. (*Lambert v. Rhea,* 134 Kan. 10, 14, 4 P. 2d 419.) Appellant contends that where the instruction is clearly erroneous as a matter of law it is not necessary for him to call the court's attention to it before the jury retires, citing *Sams v. Commercial Standard Ins. Co.,* 157 Kan. 278, syl. ¶ 9, 139 P. 2d 859, and authorities there cited. Conceding the rule to be correct and at times to be properly applied the fact remains that if a litigant desires his case decided upon sound rules of law, properly applicable to it, and knows or realizes that an instruction given is clearly an inaccurate rule of law, he owes a duty to the court and to the litigants to call the court's attention to it. We shall not labor the matter, for a careful examination of the instructions given in this case does not show that any of them states an erroneous rule of law. We deem it unnecessary to set out the instructions and make a lengthy discussion of the points.

*Third,* "That the verdict of the jury is wholly contrary to the evidence introduced in said action." That was a matter properly addressed to the trial court for its consideration. No doubt the court did consider it, since the court denied the motion for a new

trial and approved the verdict. In all these questions raised on the motion for a new trial appellant argues them upon the basis that defendant did not stop at the stop sign before entering the intersection. We have heretofore stated the evidence on that point. Examining this record as a whole we think the evidence presented a proper case to submit to the jury and that the jury's findings for defendant contained in the general verdict approved by the trial court should not be disturbed.

Counsel for defendant filed a demurrer to plaintiff's evidence, which was overruled, and at the close of all the evidence filed a motion for a directed verdict, which was overruled. A cross-appeal was taken from those rulings. We assume defendant does not care to press the cross-appeal in view of the conclusion we have reached on plaintiff's appeal; but, aside from that, we are of the opinion that the rulings of the trial court were correct. It necessarily follows the judgment of the trial court should be affirmed. It is so ordered.